# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**RHONDA BROOKS,**

    Plaintiff,

**v.**                                                            **CIVIL ACTION NO. 3:13-CV-44**
                                                                        **(JUDGE GROH)**

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 17], filed on February 27, 2014, to which neither party filed objections. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate, and under these circumstances, the parties' right to *de novo* review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).

Pursuant to Judge Seibert's report and recommendation, as well as 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 6(d), objections were due fourteen days plus three days after entry of the report and recommendation, or Sunday, March 16, 2014. Because the last day was a Sunday, the deadline for objections was Monday, March 17, 2014. FED. R. CIV. P. 6(a)(1)(C). The report and recommendation specifically stated that

objections were to be filed within fourteen days after being served with a copy. Accordingly, because no objections have been filed, this Court will review the report and recommendation for clear error.

In this matter, Judge Seibert found that the ALJ mischaracterized evidence relied on in making the credibility finding. Judge Seibert concluded that, taken together, the ALJ's mischaracterizations of the record when considering the Plaintiff's credibility require remand.

Upon review of the above, it is the opinion of this Court that the Report and Recommendation should be, and is, hereby **ORDERED ADOPTED**. For the reasons more fully stated in the Report and Recommendation, this Court **ORDERS** that the Plaintiff's Motion for Summary Judgment is **GRANTED IN PART and DENIED IN PART** and the Commissioner's Motion for Summary Judgment is **DENIED IN PART and GRANTED IN PART**, with a remand of the case to the Commissioner for further proceedings consistent and in accord with the Report and Recommendation. Accordingly, this Court further **ORDERS** that this matter be **DISMISSED WITH PREJUDICE** and that it be **STRICKEN FROM THE DOCKET OF THIS COURT**. The Clerk is **DIRECTED** to enter judgment in favor of the Plaintiff.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED**: March 18, 2014.

GINA M. GROH
UNITED STATES DISTRICT JUDGE